Dear Chairman McCall,
The Attorney General is in receipt of your request for an opinion in which you ask, substantially, the following question:
Do the provisions of 61 O.S. 102(4) (1979), effect the provisionsof 61 O.S. 1 (1971), and 40 O.S. 196.1 to 40 O.S. 196.12 (1971),as they apply to state contracts?
Senate Bill No. 317 (37th Leg. First Regular Session 1979), amended the definition of public construction contracts as enacted at 61 O.S. 102(4) (1971), and reads as follows:
"61 O.S. 102. Definitions
 When used in this act, unless the context clearly indicates otherwise, the following words and terms shall be construed as having the meanings ascribed to them in this section:
 "4. "Public construction contract" or "contract" means any contract, exceeding Seven Thousand Five Hundred Dollars ($7,500.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to the same;"
The above statutory language comprises a part of an enactment known as the Public Competitive Bidding Act of 1974, which is contained at 61 O.S. 101[61-101] et seq. (1974), and by its provisions is generally not intended to effect other legislative enactments outside the specific scope of the Act.
Your question concerns what effect, if any, the exclusion of contracts under $7,500.00 from the Public Competitive Bidding Act will have upon public construction contracts as contemplated by 61 O.S. 1 (1971), and 40 O.S. 196.1 — 40 O.S. 196.12 (1971). Title 61 O.S. 1 (1971), requires contractors to furnish a bond to the State on all contracts exceeding $1,000.00 which are awarded for the purpose of making any public improvements or constructing or repairing any public buildings.
The provisions of 40 O.S. 196.1 — 40 O.S. 196.12 (1971), concern the required state policy that all workmen employed by or on behalf of any public body engaged in public works shall be paid the prevailing hourly rate of wages for work of a similar character and locality in which the work is performed.
A plain reading of the above questioned statutory enactments shows they are intended for a different purpose than the Public Competitive Bidding Act of 1974. It is a general rule of statutory construction that provisions of dissimilar statutes are not persuasive in determining the legislative intent behind other statutes and are therefore inapplicable. See People v. Philbin, 123 P.2d 159, (Cal. 1942). This rule coupled with the plain language of the statutes involved clearly shows the legislature did not intend that a public construction contract or contracts under $7,500.00 be exempt from the questioned provisions.
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows:
 The provisions of 61 O.S. 102(4) (1979), operate to exclude `contracts'under $7,500.00 from the Public Competitive Bidding Act, but do noteffect contracts subject to the bonding requirements of 61 O.S. 1(1971), or minimum wage requirements of 40 O.S. 196.1 — 40 O.S.196.12 (1971).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHNNY J. AKINS, ASSISTANT ATTORNEY GENERAL